IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL D. KEEN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:12-cv-00206 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWVRJ-ABINGDON FACILITY, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Michael D. Keen, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Keen alleges that he was provided with constitutionally inadequate medical treatment. Upon review of the record, the court finds that Keen has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Keen alleges that he complained repeatedly of knee and back pain on and after February 12, 2012 and that "no remedy has been offered." Keen argues that defendant Dr. Abrokwah has "neglected to properly respond to [Keen's] medical complaints"; however, Keen concedes that Dr. Abrokwah has prescribed treatment. Keen states that the treatment which Dr. Abrokwah has prescribed contradicts Keen's medical profile. Keen also complains that the medical facility at Southwest Virginia Regional Jail-Abingdon is "ill-equipped to respond to [his] medical situation" and that officials will not transfer him to any other adequate facility.

II.

Keen names the Southwest Virginia Regional Jail-Abingdon Facility as a defendant to this action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and

that this deprivation resulted from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988).  As the Southwest Virginia Regional Jail- Abingdon Facility is not a "person" subject to suit under § 1983, Keen cannot maintain his action against the defendant jail.  See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

### III.

Keen also names Dr. Abrokwah as a defendant to this civil rights action.  To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995).  To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need.  Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997).  A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell, 528 F.2d at 319; Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).  Questions of medical judgment are not subject to judicial review.  Russell, 528 F.2d at 319 (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)).  An assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard."  Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Keen concedes that he has been prescribed treatment by Dr. Abrokwah. Although he may disagree with the course of treatment he received, his claim is nothing more than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Further, to the extent he alleges that Dr. Abrokwah was negligent in prescribing treatment, such a claim is not actionable under §1983. Accordingly, the court finds that Keen has failed to state a constitutional claim against Dr. Abrokwah.

## IV.

For the stated reasons, Keen's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to the parties.

**ENTER**: This 4th day of June, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE